# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD AND SHARON BETKER,**
        **Plaintiffs,**

    v.                                                        Case No. 08C0760

**CITY OF MILWAUKEE, et al.,**
        **Defendants.**

## DECISION AND ORDER

Before me now is defendants' motion to dismiss plaintiffs' action against them for failure to prosecute. Defendants' counsel Susan Lappen filed an affidavit attesting to instances in which plaintiffs failed to provide initial disclosures, respond to discovery requests and provide medical authorizations. Defendants maintain that because of plaintiffs' failures in this regard, they have been precluded from seeking discovery and preparing a defense, and therefore I should dismiss plaintiff's action for failure to prosecute.

"[D]ismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." See Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (internal quotations omitted). Further, "a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." Sharif v. Wellness Intern. Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004); see also Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir.1993).

In this case, although plaintiffs have certainly been less than diligent in prosecuting the action, I will deny the motion to dismiss.[1] While plaintiffs have admittedly failed to comply with the Federal Rules of Civil Procedure governing discovery in several ways, defendants have not filed any motions to compel discovery. A motion to compel would be a more appropriate first step than a motion to dismiss, especially since dismissal of an action is appropriate only when lesser sanctions have proved unavailing. However, I warn plaintiffs and their counsel that repeated failures to comply with the Rules will not be tolerated, and they must remain diligent in prosecuting their case or risk dismissal. Additionally, I advise plaintiffs' attorney, who appears to be unfamiliar with the ECF filing system, to seek assistance from the ECF Help Desk when he must file documents with the court. The Help Desk number can be found on the Eastern District of Wisconsin website, www.wied.uscourts.gov, under the "CM/ECF - Electronic Case Filing" category.

I note that defendants' counsel has stated that the documents that she did receive from plaintiffs' counsel after she filed the motion to dismiss are still deficient in several respects. I urge the attorneys to work together to resolve these issues, and any other issues that may arise in the course of discovery. But, of course, if they cannot, they may file a motion to compel pursuant to Rule 37 and Civil Local Rule 37.1 (E.D. Wis.).

**Therefore,**

**IT IS ORDERED** that defendants' motion to dismiss is **DENIED**.

---

[1] Because I am denying defendants' motion to dismiss, I will deny plaintiffs' motion for an extension of time and counter motion to dismiss as moot, as these motions were filed merely in response to defendants' initial motion to dismiss.

**IT IS FURTHER ORDERED** that plaintiffs' motion for an extension of time and counter motion to dismiss are **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 12 day of June, 2009.

/s
LYNN ADELMAN
District Judge